# Exhibit B

# CONFIDENTIALITY, NON-COMPETITION, AND NON-SOLICITATION AGREEMENT

COLIN CALLAWAY ("Employee") hereby enters into this Confidentiality, Non-Competition, and Non-Solicitation Agreement (hereafter, "Agreement") with H&E EQUIPMENT SERVICES, INC., and all of its subsidiaries and affiliates (collectively, "H&E" or "Company") as of **DECEMBER 5, 2020**.

WHEREAS, Employee has signed this Agreement on the first day of Employee's employment with H&E;

WHEREAS, Employee acknowledges that H&E has made, and continues to make, substantial economic investment in the hiring, education, and training of Employee and the compensation and other benefits afforded by H&E to Employee;

WHEREAS, Employee acknowledges that H&E has devoted significant resources to developing its goodwill and its relationships with its employees, its customers, and its vendors. These resources include, but are not limited to, financial investments, time, training, team building, confidential information, trade secrets, marketing, brand development, and other valuable resources;

WHEREAS, Employee acknowledges one reason H&E is willing to invest in the development of its goodwill and allow employees to use it to the mutual benefit of H&E and its employees is because it has agreements with employees to prevent them from using its goodwill against it in business competition;

WHEREAS, Employee acknowledges H&E would suffer irreparable harm if employee left (voluntarily or involuntarily) its employ and used its goodwill against H&E and agrees it is reasonable to protect H&E against such activities by Employee;

WHEREAS, at the time of Employee's signing of this Agreement, H&E has provided confidential, proprietary, and trade secret information and data to Employee; and,

WHEREAS, H&E is in the business of selling, renting, servicing, maintaining, and otherwise dealing in or with construction equipment, heavy industrial equipment, material handling equipment, and utility equipment (new and used), and related parts, implements, or similar assets (the "Business").

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the continued employment by H&E of Employee on an at-will basis, and H&E continuing to provide Employee with access to confidential, proprietary, and trade secret information and data, the receipt and sufficiency of which Employee acknowledges, Employee hereby agrees as follows:

1. <u>Confidentiality and Company Property.</u>  During and at all times after Employee's employment:

    (a) Employee will not disclose to any person or entity, without Company's prior consent, any confidential, proprietary, and trade secret information and data, whether prepared by Employee or others;

    (b) Employee will not directly or indirectly use any such information other than as directed by Company in writing and in furtherance of the Business of the Company;

    (c) Employee will not, except in the furtherance of the Business of Company, remove confidential, proprietary, and trade secret information and data from the premises of Company without the prior written consent of Company;

    (d) All products, correspondence, reports, records, software, data compilations, charts, advertising materials, designs, plans, manuals, "field guides," memoranda, lists, and other property compiled or produced by Employee or delivered to Employee by or on behalf of Company or by its customers (including, but not limited to, customers obtained by Employee), whether or not confidential, shall be and remain the property of Company and shall be subject at all times to its direction and control;

    (e) Employee will, upon termination of Employee's employment for whatever reason, with or without cause, promptly deliver to Company all originals and copies (whether in note, memo, or other document form, or on video, audio, or computer tapes or disks, or otherwise) of all confidential, proprietary, and trade secret information and data, and of all property referred to in Section 1(d), that is in Employee's possession, custody, or control, whether prepared by Employee or others, and regardless of how contained or stored; and,

    (f) "Confidential, proprietary, and trade secret information and data" includes, but is not limited to: business, pricing and management methods and techniques; training; finances, strategies, systems, research, surveys, plans, reports, recommendations, and conclusions; names and contact information of, arrangements with, or other information relating to, Company's customers, equipment suppliers, manufacturers, financiers, owners or operators, representatives, and other persons who have business relationships with Company or who are prospects for business relationships with Company; technical information, work products, and know-how; performance evaluations and the particulars of function of other employees of H&E; trade secrets; and, cost, operating, and other management information systems, and other software and programming.

2. <u>Non-Competition and Non-Solicitation Covenants.</u>

(a) During Employee's employment by Company and for a period of twelve (12) months immediately following the termination of Employee's employment for any reason whatsoever, whether or not for cause, Employee will not, directly or indirectly (whether through affiliates, relatives, or otherwise), in any Restricted Area:

(i) be employed or retained by any person or entity who or which then competes with Company and its Business to any extent, nor will Employee directly or indirectly own any interest in any such person or entity or render to it any consulting, brokerage, contracting, financial, or other services, or render to it any advice, assistance, or other accommodation;

(ii) solicit or accept the business of, or call upon, any person or entity who or which is or was (A) a customer, supplier, manufacturer, finder, broker, or other person who had a business relationship with Company, or who was a prospect for a business relationship with Company, at any time during the period of Employee's employment, or (B) an affiliate of any such person;

(iii) approve, solicit, or retain, or discuss the employment or retention (whether as an employee, consultant, or otherwise) of, any person who was an employee of Company at any time during the twelve-month period preceding the termination of Employee's employment by Company;

(iv) solicit or encourage any person to leave the employ of Company; and,

(v) own any interest in or be employed by or provide any services to any person or entity, which engages in any conduct, which is prohibited to Employee under this Section 2(a).

(b) For purposes of this Agreement, the term "Restricted Area" shall mean and is defined as each county in Texas in which Employee performed services at any time during the twelve-month period preceding the termination of Employee's employment with Company.

(c) Employee shall be deemed to be employed or retained in the Restricted Area if Employee has an office in the Restricted Area or if Employee performs any duties or renders any advice with respect to any facility or business activities in the Restricted Area.

    (d)    Before taking any position with any person or entity during the twelve-month period following the termination of Employee's employment for any reason, with or without cause, Employee will give prior written notice to Company of the name of such person or entity, Company shall be entitled to advise each such person or entity of the provisions of this Agreement, and to correspond and otherwise deal with each such person or entity to ensure that the provisions of this Agreement are enforced and duly discharged.

    (e)    To the extent not inconsistent with the applicable law, the time period stated in Section 2(a) shall be computed by excluding from such computation any time during which Employee is in violation of any provision of this Agreement and any time during which there is pending in any court of competent jurisdiction any action (including any appeal from any final judgment) brought by any person, whether or not a party to this Agreement, in which action Company seeks to enforce the agreements and covenants in this Agreement or in which any person contests the validity of such agreements and covenants or their enforceability or seeks to avoid their performance or enforcement.

    (f)    EMPLOYEE AGREES THAT THE COVENANTS CONTAINED IN THIS SECTION 2 (INCLUDING THE DURATION AND GEOGRAPHIC SCOPE) ARE REASONABLE AND NECESSARY IN ORDER FOR H&E TO PROTECT GOOD WILL, CUSTOMER RELATIONSHIPS AND INFORMATION EMPLOYEE ACQUIRED DURING THE EMPLOYMENT RELATIONSHIP, AND CONFIDENTIAL, PROPRIETARY, AND TRADE SECRET INFORMATION AND DATA.

    (g)    EMPLOYEE HAS CAREFULLY CONSIDERED THESE RESTRICTIONS, AND EMPLOYEE CONFIRMS THAT THEY WILL NOT IMPOSE AN UNDUE HARDSHIP OR BURDEN ON EMPLOYEE AND THEY WILL NOT UNDULY RESTRICT EMPLOYEE'S ABILITY TO OBTAIN A LIVELIHOOD.

    (h)    EMPLOYEE HAS HERETOFORE ENGAGED IN BUSINESSES OTHER THAN THAT BUSINESS IN WHICH H&E IS ENGAGED.

3.    <u>Waiver of Jury Trial and Service of Process.</u>  ***Employee agrees to waive a trial by jury in all legal disputes brought pursuant to this Agreement.***  Employee also agrees to waive formal service of process under any applicable federal or state rules of procedure.  Service of process shall be effective when given in the manner provided for notices hereunder.

4.    <u>Injunctive Relief.</u>  Since monetary damages will be inadequate and Company will be irreparably damaged if the provisions of this Agreement are not specifically enforced, Company shall be entitled, among other remedies, (a) to an injunction restraining any violation of this Agreement (without any bond or other security being required, to the extent permitted by the

applicable law) by Employee and by any person or entity to whom Employee provides or proposes to provide any services in violation of this Agreement, (b) to require Employee to hold in a constructive trust, account for and pay over to Company all compensation and other benefits which Employee shall derive as a result of any action or omission which is a violation of any provision of this Agreement, (c) to require Employee to account for and pay over to Company any bonus received by Employee during the twelve-month period immediately preceding termination of Employee's employment, and (d) to require Employee to account for and pay over to Company any net profit earned by Employee from the exercise, during the twelve (12) month period prior to the termination of Employee's employment, of any stock options issued to Employee by Company.

5. <u>Attorney's Fees.</u>  In the event H&E prevails in any proceeding with respect to any controversy or matter related to or arising out of this Agreement, any matter arising during or after the employment of Employee by Company, or in connection with the cessation of said employment, H&E shall be entitled to recover its reasonable attorney's fees and costs incurred in connection with any such proceeding from the non-prevailing party.

6. <u>Additional Terms and Provisions.</u>

   (a) *Headings*.  Any headings in this Agreement are for reference purposes only and not intended in any way to describe, interpret, define, or limit the extent or intent of the Agreement or any part hereof.

   (b) *Severability*.  The parties intend to be bound by all of the terms and provisions of this Agreement.  If any term or provision contained in this Agreement is determined to be void, illegal or unenforceable, in whole or in part, then the other terms or provisions contained herein shall remain in full force and effect as if the term or provision which was determined to be void, illegal, or unenforceable had not been contained herein.

   (c) *Reformation*.  Pursuant to Tex. Bus. & Com. Code § 15.51(c) and/or the parties' agreement, the courts enforcing this Agreement shall be entitled to modify the duration and scope of any restriction contained herein to the extent such restriction would otherwise be unenforceable and such restriction as modified shall be enforced.

   (d) *At-Will Employment*.  Employee acknowledges that Employee has not been promised any specific term of employment with H&E, and agrees that neither this Agreement nor any other agreement, whether in writing or orally, constitutes or promises a specific term of employment.  Employee is employed on an at-will basis and Employee's employment with Company may be terminated by Employee or by Company at any time.

   (e) *Entire Understanding and Integration*.  There are no oral representations, understandings or agreements with Company or any of its officers, directors or representatives covering the same subject matter as this Agreement.  This written Agreement is the final, complete, and exclusive statement and

expression of the agreement between Company and Employee and all of the terms of this Agreement.  This Agreement cancels and supersedes all prior agreements with respect to the subject matter hereof.  This Agreement cannot be varied, contradicted or supplemented by evidence of any prior or contemporaneous oral or written agreement.

(f) *Modification and Waiver.*  This written Agreement may not be later modified except by a further writing signed by Company and Employee, and no term of this Agreement may be waived except by a writing signed by the party waiving the benefit of such term.

(g) *Confidentiality of the Agreement*.  Employee agrees that this Agreement, and all discussions and negotiations regarding this Agreement, shall be held in strictest confidence and shall not be disclosed to any person other than Company and its employees, unless Company otherwise consents in writing.  Disclosure of the terms of this Agreement, or of any of the discussions and negotiations regarding this Agreement, shall constitute cause for termination of Employee's employment with H&E.

(h) Any notice contemplated, required, or permitted under this Agreement shall be sufficient if in writing and shall he deemed given when delivered (i) personally, (ii) mailed by registered or certified mail, return receipt requested, or (iii) one (1) business day after delivered to a nationally recognized air courier for next day delivery service, to the addresses listed below (or to such subsequent address(es) as the respective parties may hereafter by written notice designate):

    To H&E:    H&E Equipment Services, Inc.
                    7500 Pecue Lane
                    Baton Rouge, Louisiana 70809
                    Attention: Joseph Stewart

    With a copy to:    H&E Equipment Services, Inc.
                            7500 Pecue Lane
                            Baton Rouge, Louisiana 70809
                            Attention: Corporate Counsel

    To Employee:    Colin Callaway
                          7710 Hurst Forest Dr.
                          Humble, TX 77346

**BEFORE SIGNING THIS AGREEMENT, EMPLOYEE ACKNOWLEDGES AND REPRESENTS HE/SHE HAS READ AND UNDERSTANDS ALL OF ITS TERMS.**

**EMPLOYEE FURTHER ACKNOWLEDGES AND REPRESENTS THAT EMPLOYEE HAS HAD THE OPPORTUNITY TO DISCUSS THIS AGREEMENT AND ALL OF ITS TERMS WITH EMPLOYEE'S ATTORNEY.**

EMPLOYEE:

*Colin Callaway*
Colin Callaway (Dec 18, 2020 17:07 CST)
(Signature)

**Colin Callaway**
(Printed Name)

Dec 18, 2020
(Date)

H&E EQUIPMENT SERVICES, INC.
(and all its subsidiaries and affiliates):

*Brian Nye*
Brian Nye (Dec 18, 2020 16:10 CST)
(Signature)

**Brian Nye**
(Printed Name)

**Branch Manager**
(Title)

Dec 18, 2020
(Date)

# Colin Callaway_TX_NonExecutive

Final Audit Report                                                                 2020-12-18

| | |
|---|---|
| Created: | 2020-12-15 |
| By: | Lori West (lwest@he-equipment.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA7inpSoycW4GFnJbGZETN9Cct_kJHqOmb |

## "Colin Callaway_TX_NonExecutive" History

- Document created by Lori West (lwest@he-equipment.com)
  2020-12-15 - 9:58:12 PM GMT- IP address: 107.77.198.55

- Document emailed to Collin Callaway (ccallaway@he-equipment.com) for signature
  2020-12-15 - 9:59:28 PM GMT

- Email viewed by Collin Callaway (ccallaway@he-equipment.com)
  2020-12-15 - 9:59:46 PM GMT- IP address: 174.240.8.32

- Email viewed by Collin Callaway (ccallaway@he-equipment.com)
  2020-12-17 - 10:05:54 PM GMT- IP address: 174.235.2.254

- Email viewed by Collin Callaway (ccallaway@he-equipment.com)
  2020-12-18 - 10:06:57 PM GMT- IP address: 174.240.12.44

- Document e-signed by Collin Callaway (ccallaway@he-equipment.com)
  Signature Date: 2020-12-18 - 10:07:47 PM GMT - Time Source: server- IP address: 174.240.12.44

- Document emailed to Brian Nye (bnye@he-equipment.com) for signature
  2020-12-18 - 10:07:49 PM GMT

- Email viewed by Brian Nye (bnye@he-equipment.com)
  2020-12-18 - 10:09:40 PM GMT- IP address: 173.219.75.118

- Document e-signed by Brian Nye (bnye@he-equipment.com)
  Signature Date: 2020-12-18 - 10:10:06 PM GMT - Time Source: server- IP address: 173.219.75.118

- Agreement completed.
  2020-12-18 - 10:10:06 PM GMT

